WILLIAM BLACK ET AL. *v.* ANNA H. PATTISON.

1. CONFESSED JUDGMENT. *For debt not due.   Jurisdiction.*
   The fact that a note upon which an office confession of judgment is taken was not due when the judgment was rendered does not deprive the circuit court of jurisdiction and the judgment will not be vacated on that account.

2. JUDGMENT. *Usury.   Collateral attack.*
   Third parties seeking collaterally to vacate a judgment cannot avail themselves of the fact that the debt on which the judgment was rendered was usurious.

APPEAL from the Circuit Court of Tallahatchie County.

HON. A. T. ROANE, Judge.

On the 28th day of January, 1881, P. H. Huston and J. A. Dogan and H. H. Dogan executed the following promissory note : "On the *first day of January next* we or either of us promise to pay to Mrs. A. H. Pattison or order the sum of two hundred and eighty-seven dollars and fifty cents for value received, with interest at ten per cent. after maturity." On the *7th day of December,* 1881, P. H. Huston as principal and the two Dogans as sureties, acknowledged judgment by office confession in the circuit court on the above note in favor of Mrs. A. H. Pattison, the appellee. This judgment was duly enrolled on the 20th day of December, 1881.   Mrs. Pattison filed with the judgment at the time of its rendition a sworn statement that the money was due and unpaid and was not claimed on a usurious or fraudulent consideration.   On the 4th day of February, P. H. Huston, the judgment debtor, sold and conveyed to William Black & Son, the appellants, the tract of land in controversy.   On the 3d day of March, 1883, a *fi. fa.* on the above judgment was issued and levied on the land sold to appel-

lants.　On the 30th day of April, 1883, appellants file a motion to vacate, set aside, and annul the judgment, and to quash the *fi. fa.* and levy thereunder, upon the grounds: (1) because the note upon which the judgment was rendered was not due at the time of the rendition of the judgment ; (2) because the note was tainted with usury.　A supersedeas was granted, suspending the sale of the land under the judgment until the motion could be heard.　Upon the hearing the motion was overruled and judgment rendered against appellants and the sureties on their supersedeas bond, from which judgment this appeal is taken.　On the hearing of the motion the maker of the note, P. H. Huston, testified that the amount expressed in the face of the note included the amount actually loaned by Pattison and fifteen per cent. interest per annum from the date of the note to maturity.

*W. S. Eskridge,* for the appellants.

1. The circuit court has no inherent power to render judgments by confession, all its power and jurisdiction in such case is derived from the statute conferring on the court the authority to render judgments by office confession.　The statute being for the purpose of conferring jurisdiction on the court in the special instance named therein must be strictly construed.　The power and jurisdiction of the court must be measured by the authority created by the statute. Its jurisdiction, being special and limited, can only be exercised within the powers given by the statute.　If these powers be transcended by the court it acts beyond its jurisdiction and its judgment is absolutely null and void.　On this point see Freeman on Judgments, § 543, and authorities cited in note 2.　*Manufacturers' and M. Bank, etc.,* v. *St. John,* 5 Hill 497 ; *Lawless* v. *Hackett,* 16 Johns. R. 148 ; *James* v. *Morey,* 14 Am. Dec. 475.　This principle is fully recognized by the repeated decisions of this court. *Root* v. *McFerrin,* 37 Miss. 17; *Planters' Bank* v. *Johnson,* 7 S. & M. 449 ; *Bank of Manchester* v. *Doe,* 9 S. & M. 613 ; *Ballard* v. *Davis,* 31 Miss. 525.　Statutes in derogation of the common law must be strictly construed.　*Edwards* v. *Gaulding,* 38 Miss. 118 ; *Hollman* v. *Bennet et al.,* 44 Miss. 322 ; *Boyd* v. *Lowery,* 53 Miss. 352 ; *Dibrell* v. *Dandridge,* 51 Miss. 55 ; *Hawkins* v. *Carroll*

*County,* 50 Miss. 735.    By referring to the Code of 1880, §§ 1734
and 1735, we find that office-confession judgments can only be ren-
dered by the circuit court on claims or demands that are due.
The law also requires that if the evidence of the debt is in writing
it shall be filed with the statement.   See § 1734.   Section 1735
authorizes the court at the next term after the filing of the state-
ment to render judgment on motion for the " amount acknowledged
to be due."    This fixes and limits the jurisdiction of the court in
such case to the rendition of judgments on claims that " *are due.*"
When then the court renders judgment on claims that are not due
it acts beyond its jurisdiction, and the judgment is void.

2. We maintain that the judgment by office confession is null
and void on another ground, *viz.:* that it was obtained by fraud
and rendered upon a usurious consideration.    To give to the circuit
court jurisdiction to render judgment on office confession it is
necessary that the creditor, in her statement made under oath, shall
state " the money is not due or claimed upon a fraudulent or usuri-
ous consideration."   The creditor in this case made that statement;
but it is untrue, as the testimony shows there was usury.    Then
the court in rendering the judgment was misled, overreached, and
imposed upon by the fraud of the creditor.    Such a judgment is
absolutely null and void; a judgment obtained by fraud is void.
See *Plummer* v. *Plummer,* 37 Miss. 185 ; *Humphries* v. *Bartee,* 10
S. & M. 282 ; Freeman on Judgments, §§ 98, 99.    Courts may at
any time set aside and vacate void judgments.  See *Lane* v. *Wheeler,*
46 Miss. 666 ; *Kramer* v. *Holster,* 55 Miss. 243; *Sively* v. *Sum-
mers,* 57 Miss., Opinion 730 ; Freeman on Judgments, 69, §§
98, 99.

*Bailey & Bailey,* for the appellee.

1. With regard to the first objection to said judgment, we con-
tend that it is not well taken ; for the plain meaning of § 1734,
Code of 1880, is gathered from the very broad and comprehensive
language : " Any person *indebted* to another," etc., " may sign an
office confession of judgment," etc., " in the manner following, to
wit;" then the forms are given by the statute, which provides that
these forms shall be *substantially* followed, not *literally*.    In the

| Conclusion of the briefs. | Opinion of the court. |
|---|---|

form of the affidavit to be made by the plaintiff or party asking judgment, referring to the debt, this language is used : " Which remains *due* and unpaid ;" also, " said sum of money is not *due* or claimed upon," etc.　No right of appellants existing at the time this judgment was rendered is in any way affected or involved. Even if this statute should be holden to contemplate only those debts or claims that are past due, this would only render the judgment voidable for error, and an erroneous or voidable judgment cannot be impeached collaterally.　See *Smith* v. *Bradly*, 6 S. & M. 179 ; *Work* v. *Hooper*, 24 Miss. 517 ; *Wall* v. *Wall*, 28 Miss. 409.

2. The right to plead usury is a personal privilege, and when waived by the parties to the contract it is binding upon the balance of the world and cannot be pleaded or taken advantage of by any third party, and certainly a judgment rendered upon a usurious contract cannot be collaterally attacked upon this ground.　Parsons on Contracts, 3d vol., pp. 121–123 ; *Green* v. *Kemp*, 13 Mass. 515 ; *Mechanics' Bank* v. *Edwards*, 1 Barb. N. Y. 271 ; *Sands* v. *Church*, 2 Seld. 347 ; 11 Paige 635 ; *Bearce* v. *Barstow*, 9 Mass. 45 ; *Mullen* v. *Russell*, 46 Iowa 386 ; *Kendig* v. *Marble*, 58 Iowa 529 ; *Miller* v. *Clarke*, 37 Iowa 325 ; *Twogood & Elliot* v. *Pence*, 22 Iowa 543 ; *Huntress* v. *Patton*, 20 Maine 28 ; *Gray's Ex'rs* v. *Brown*, 22 Ala. 263 ; *Smith* v. *Exchange Bank of Pittsburg*, 26 Ohio 141.

CAMPBELL, C. J., delivered the opinion of the court.

The motion to vacate the judgment by confession was properly denied.　The court had jurisdiction of the subject-matter and of the parties, who consented for judgment to be given on the note, although it was not due.　It was competent for them to do so, and no legal cause of complaint exists because they did so.　The objection for usury in the note is not available.

*Judgment affirmed.*